IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE WASHINGTON HICKS JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-1792-G-BN |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner George Washington Hicks Jr., a Texas prisoner, has filed an petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, Petitioner's habeas application should be dismissed without prejudice for failure to exhaust state remedies.

**Background**

On January 29, 2007, Petitioner was found guilty of murder and sentenced to life imprisonment. His conviction was affirmed on direct appeal. *See Hicks v. Texas*, No. 05-07-00313-CR, 2008 WL 2426659 (Tex. App. – Dallas, June 17, 2008, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was dismissed for non-compliance. *See Ex parte Hicks,* WR-18,190-08 (Tex. Crim. App. July 28, 2010). Petitioner filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, which was dismissed without prejudice for failure to exhaust state remedies.

-1-

*See Hicks v. Thaler*, No. 3:10-cv-2050-P-BK, 2010 WL 4721354 (N.D. Tex. Oct. 22, 2010), *rec. adopted,* 2010 WL 4721357 (N.D. Tex. Nov. 18, 2010). He then filed an application for writ of mandamus with the Texas Court of Criminal Appeals "in a[n] effort to force the Dallas County District Clerk to comply with Rule 73.2 of the Texas Rules." Dkt. No. 3 at 17. That application was denied on December 15, 2010. *See id.*; *see also Ex parte Hicks*, WR-18, 190-09 (Tex. Crim. App. Dec. 15, 2010). He did not file any further state habeas petitions.

On April 17, 2013, Petitioner submitted this action for mailing to the federal district court. He claims that he received ineffective assistance of counsel on appeal and that the district court abused its discretion in denying his motion to suppress. *See* Dkt. No. 1 at 5-6.

## Legal standards

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh,* 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *See Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990); *see also Rose v. Lundy,* 455 U.S. 509, 522 (1982) (a "mixed" petition containing both exhausted and unexhausted claims should be dismissed);

*Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (same).

## Analysis

Because Petitioner's application for state post-conviction relief was dismissed for non-compliance, the state court has not had an opportunity to consider the merits of the claims raised in this federal habeas case. *See Hicks*, 2010 WL 4721354, at *1; *see also Williams v. Thaler*, No. 3:09-cv-1933-G, 2009 WL 4251118, at *2 (N.D. Tex. Nov. 30, 2009) (citing *Bautista,* 793 F.2d at 110) ("a Texas prisoner who seeks state habeas review in a manner that does [not] comply with the Court of Criminal Appeals' procedural directives for seeking such review has not exhausted his state habeas remedy"). Because Petitioner has not fully presented his claims to the highest available state court, he has failed to exhaust state remedies. *See Hicks*, 2010 WL 4721354, at *1. Accordingly, his Section 2254 petition should be dismissed without prejudice.

## Recommendation

Petitioner's 28 U.S.C. § 2254 petition should be dismissed without prejudice for failure to exhaust state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

```
```
 
where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE